SOUTHERN DISTRICT OF MISSISSIPPI
FILED
MAY 28 2025
ARTHUR JOHNSTON
BY ______ DEPUTY

**IN THE UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF MISSISSIPPI**
**NORTHERN DIVISION**

**DEVIN MURRAY** **PLAINTIFF**

**VS.** **CIVIL ACTION NO.: ~~61CI1:21-cv-00201-JR~~** 3:25-cv-385-DPJ-ASH

**HUDSPETH REGIONAL CENTER**
**And JOHN DOES 1-10 AND XYZ CORP 1-9** **DEFENDANTS**

**COMPLAINT**
**JURY TRIAL DEMANDED**

COMES NOW the Plaintiff, Devin Murray, by and through counsel, and in support of this, her Complaint for damages against the Defendants, respectfully alleges the following:

## INTRODUCTION

1. The Plaintiff brings this action against the Defendant Hudspeth Regional Center for unlawful discrimination and retaliation. Beginning in June of 2023, the Plaintiff began being harassed at work and the subject of false information and rumors. Plaintiff reported the misconduct to human resources but it continued until her forced resignation on or about August 23, 2024. For these reasons, and as described in greater detail below, the Defendants unlawful actions of retaliation and discrimination have harmed the Plaintiff Devin Murray.

## PARTIES

2. Plaintiff, DEVIN MURRAY, is an adult resident citizen of Mississippi, residing in Hinds County, Mississippi.

3. Defendant, HUDSPETH REGIONAL CENTER is a Mississippi corporation operated by the State of Mississippi under the administration of the Department of Mental

Health. It may be served with process by and through service upon its chief executive officer, Jerrie Barnes, at 100 Hudspeth Center Drive, Whitfield, Mississippi 39193 and the Mississippi Department of Mental Heath chair, Dr. Jim Herzog at 239 N. Lamar Street, Jackson, Mississippi 39201.

4. John Does 1-10 and XYZ Corp 1-9 (Defendants) are fictitious and unknown parties who may be responsible parties whose negligent acts caused or contributed to the Plaintiff's injuries. The identity of this party or the identities of these parties are unknown at this time and can only be ascertained through the use of judicial mechanisms such as discovery. Upon learning the identity of this party or parties, the Plaintiff may substitute it/them for the fictitious parties under Rule 9(h). Alternatively, in the event that the Plaintiff has sued the wrong party and is required to change parties, such amendment will be made in accordance with Rule 15(c).

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action under 42 U.S.C § 2000e-5(f) and 28 U.S.C. §§ 1331 and 1343(a).

6. Venue is proper in this judicial district under 42 U.S.C § 2000e-5(f) and 28 U.S.C. § 1391(b) because it is where a substantial part of the events or omissions giving rise to this action occurred.

**FACTS GIVING RISE TO CLAIM FOR RELIEF**

7. Ms. Murray was hired by the Defendants on March 18, 2019, and worked as an Internal Auditor until her discharge on or about August 23, 2024.

8. During her employment, Ms. Murray was an exemplary employee with no

history of disciplinary actions.

9. Beginning in June of 2023, Ms. Murray began to endure harassment at work with the Defendant and even during her time off work. The harassment began after Ms. Murray entered into a settlement agreement with a previous employer. The harassment caused Ms. Murray great duress resulting in having to be admitted to the hospital at one point.

10. Ms. Murray reported the harassing behavior and incidents to the Defendant's Human Resources department. However, the harassment continued and created a hostile and intolerable working environment for Ms. Murray.

11. As a result of reporting the unlawful discrimination and harassment to Human Resources, Ms. Murray was forced to resign her position with the Defendant Hudspeth Regional Center on or about August 23, 2024.

12. Ms. Murray timely filed charges of discrimination with the Equal Employment Opportunity Commission, attached hereto as Exhibit "A". After a brief investigation she was issued a right to sue letter, attached hereto as Exhibit "B".

## CAUSES OF ACTION

### I. DISCRIMINATION

13. Plaintiff incorporates all allegations set forth in all other section of this complaint.

14. Beginning in June of 2023, many employees of the Defendant began treating Ms. Murray poorly and making maliciously false or disparaging remarks. These actions, alone and in combination created a hostile work environment in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

15. Despite reporting the actions and behaviors to Human Resources, the Defendant failed to respond adequately.

16. Defendant is liable for the actions of their employees and failed to respond adequately.

17. As a result, Plaintiff was harmed, and has suffered losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. Plaintiff has suffered damages in an amount to be proved at trial.

18. In doing so, Defendants violated the law and Ms. Murray requests relief as described in the prayer for relief below.

**II. RETALIATION**

19. Plaintiff incorporates all allegations set forth in all other section of this complaint.

20. The Defendant's employees harassed and terminated the employment of Ms. Murray, either actually or constructively, because of her opposition to unlawful activity and she reported the harassment to Human Resources. The Defendant is liable for the actions and omissions of their employees. This is a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e.

21. As a result, Plaintiff was harmed, and has suffered losses in compensation, earning capacity, humiliation, mental anguish and emotional distress. Plaintiff has suffered damages in an amount to be proved at trial.

22. In doing so, Defendants violated the law and Ms Murray requests relief as described in the prayer for relief below.

## PRAYER FOR RELIEF

23. WHEREFORE, Plaintiff requests that this Court award Plaintiff all available equitable and legal relief, and seeks all available remedies under the statutes and doctrines contained herein, including but not limited to the following:

a. A final judgment declaring that the actions of the Defendants described herein violated the law as alleged;

b. Back wages;

c. Front pay or reinstatement, as appropriate;

d. Any other equitable relief as the court deems appropriate;

e. Compensatory damages for emotional distress and any other non-pecuniary harms flowing from the actions alleged herein;

f. Injunctive relief requiring that Defendant cease their unlawful activity, and issue notice to all employees regarding the violations found by this court, and notifying such employees of the order entered proscribing any future similar violations;

g. Pre and post judgment interest;

h. Attorney fees;

i. Costs; and

j. Any other relief available in law or equity.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, Devin Murray, demands judgment of, from and against the Defendants, jointly and severally, for damages in an amount to be determined at trial of this cause plus all costs of court, and general relief which may be

determined by the Court.

**RESPECTFULLY SUBMITTED**, this the 28th day of May, 2025.

DEVIN MURRAY, Plaintiff

By: ______________________
W. MATTHEW BURCH

OF COUNSEL:

W. MATTHEW BURCH, ESQ.
Mississippi Bar No. 104217
***Burch Law Firm, PLLC***
Post Office Box 692
Madison, Mississippi 39130
Telephone: (601) 790-0175
Facsimile: (601) 510-9319